

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-20-00271-CV

## IN THE INTEREST OF K.C.W., A CHILD

_____

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-2335-3**

## MEMORANDUM OPINION

In one issue, appellant, C.W., challenges the trial court's order terminating his parental rights to K.C.W. We affirm.

### I. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, appellant contends that the evidence is legally insufficient to support a finding that it is the best interest of K.C.W. for appellant's parental rights to be terminated. We disagree.

In an involuntary termination proceeding brought under section 161.001 of the Family Code, the Texas Department of Family and Protective Services (the "Department") must establish: (1) at least one ground under subsection (1) of section

161.001; and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001; *see In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established, and termination may not be based solely on the best interest of the child as determined by the trier of fact. *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007. Due process demands this heightened standard because termination results in permanent, irrevocable changes for the parent and child. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002); *see In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (contrasting the standards for termination and modification).

In evaluating the evidence for legal sufficiency in parental-termination cases, we determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). We review all the evidence in the light most favorable to the finding and judgment. *Id.* We disregard all contrary evidence that a reasonable factfinder could have disbelieved. *Id.* We consider undisputed evidence even if it is contrary to the finding. *Id.* In other words, we consider evidence favorable to termination if a reasonable factfinder could, and we disregard contrary evidence unless a reasonable factfinder could not. *Id.* We cannot weigh witness-credibility issues that depend on the appearance and

demeanor of the witnesses, for that is within the province of the factfinder. *Id.* at 573-74. And even when credibility issues appear in the appellate record, we defer to the factfinder's determinations as long as they are reasonable. *Id.* at 573.

As stated above, appellant only challenges the legal sufficiency of the trial court's best-interest finding. In a parental-rights-termination case, the best interest of the child is assessed using a non-exhaustive list of factors. *See In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). These factors are: (1) the child's wishes; (2) her emotional or physical needs now and in the future; (3) the emotional or physical danger to the child now and in the future; (4) the parenting abilities of the parties seeking custody; (5) programs available to help those parties; (6) plans for the child by the parties seeking custody; (7) the stability of the proposed placement; (8) the acts or omissions of the parent that indicate that the existing parent-child relationship is not proper; and (9) any excuses for the acts or omissions of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). The Department need not prove all nine *Holley* factors as a "condition precedent" to termination, and the absence of some factors does not bar the factfinder from finding that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Further, while no one factor is controlling, the analysis of a single factor may be adequate in a particular situation to support a finding that termination is in the child's best interest. *In re J.O.C.*, 47 S.W.3d 108, 115 (Tex. App.—Waco 2001, no pet.).

Donneka Sloan, a caseworker for the Department, testified that K.C.W. was born prematurely at twenty-six weeks' gestation. K.C.W. has a considerable amount of health concerns, including being born with syphilis; an umbilical hernia that required surgery at birth; retinopathy, likely a complication of syphilis; and cholestasis, which is a liver issue. Additionally, the record demonstrates that while K.C.W. was born in early 2019, appellant has been incarcerated at least since the filing of the termination petition in July 2019, and has formed no bond with the child. Sloan noted that appellant will not be released from prison until at least 2023, because his request for parole was denied.

Sloan also testified that, prior to removal, and while appellant was incarcerated, K.C.W. failed to thrive and was exposed to dirty and unclean living conditions. Further, K.C.W. was not taken to scheduled appointments for her medical conditions, nor was she allowed to take prescribed medications. Additionally, the child sustained a minor skull fracture in the birth mother's care due to the birth mother shaking the child. All of this is to say that the child has significant medical issues that require close supervision, including numerous medical appointments—something appellant cannot attend to while incarcerated.

Regarding the best-interest factors, as applied to appellant, Sloan noted:

[K.C.W.] has formed no bond or attachment with Mr. Ward. He cannot provide a safe and stable home for her. He—he—he honestly—I don't—he can't provide much of anything while he's incarcerated for her. So for these reasons, we believe at the Department it's best that they sever those ties, due to him not being able to provide a safe and stable home free of drug use, criminal use, anything like that.

Sloan also emphasized that appellant did not have any visitation with K.C.W. during the pendency of this case and that appellant cannot provide a safe and stable home for K.C.W. due to his incarceration. The record also reflects that the Department was concerned about appellant's self-report that he regularly smoked marihuana prior to his incarceration.

In her current placement, K.C.W.,

> has made tremendous, tremendous growth and development. To give you a bit of insight, [K.C.W.]'s over 1 years old. And for a while, she was about the size of a 6-month old. Even still, she's on the smaller side. But she is walking. She is having more verbal words. Her caregivers have really done an awesome job with making sure she attends all her therapies, all her appointments, even during COVID. They've taken all precautions to make sure she goes to her appointments and is being seen. She's had tremendous social growth, because she attends care now with other children. So she has made tremendous strides since the removal in terms of her health, her well-being, her socialization. The whole spectrum of a child, she's grown tremendously.

Sloan affirmed that K.C.W. is now thriving.

Sloan further noted that K.C.W. has a close bond with the caregiver, who was requested by the family. The caregiver has kept other family members, including those of appellant's family, informed regarding K.C.W.'s growth and development. Moreover, the caregiver is "fully licensed to adopt" and intends to adopt K.C.W., if the situation arises.

And finally, though it was disputed at trial as to when appellant received his family service plan, Sloan indicated that appellant has not provided any evidence of

completing any of the requirements of the service plan to prevent the termination of his parental rights.

Based on our review of the record, we find that the above-mentioned evidence touches on several of the *Holley* factors. *See* 544 S.W.2d at 371-72. Therefore, viewing the evidence in the light most favorable to the trial court's best-interest finding, we conclude that the evidence presented is legally sufficient for a factfinder to reasonably form a firm belief or conviction that termination of appellant's parental rights was in the best interest of K.C.W. *See In re J.P.B.*, 180 S.W.3d at 573; *see also In re R.R.*, 209 S.W.3d at 116; *In re C.H.*, 89 S.W.3d at 28; *Holley*, 544 S.W.2d at 371-72. Accordingly, we overrule appellant's sole issue on appeal.

## II.   CONCLUSION

We affirm the judgment of the trial court.


                                                    JOHN E. NEILL
                                                    Justice

Before Chief Justice Gray
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed December 30, 2020
[CV06]

